

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LONNIE JAMES YOUNGBEAR | * | CIV 10-1021 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| UNITED STATES OF AMERICA, et al., | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, a prisoner, filed a civil rights complaint. His application to proceed without the prepayment of fees was granted and he was ordered, pursuant to 28 U.S.C. § 1915, to make an initial partial filing fee of $114.45. He has done so.

Plaintiff was indicted on March 17, 2005, in CR 05-10007 and charged with abusive sexual contact, sexual abuse, and sexual contact. He was arrested on May 21, 2005. He subsequently pleaded guilty to one count of sexual abuse and was sentenced on January 9, 2006, to 220 months custody. His conviction and sentence were affirmed by the United States Court of Appeals for the Eighth Circuit on June 21, 2006. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 7, 2007. The motion was denied as untimely.

Plaintiff contends in the instant case that his arrest on the federal warrant in connection with CR 05-10007 while he was at the Pennington County, South Dakota, jail without a prior extradition hearing violated the Fort Laramie Treaty of 1868 as well as federal and state extradition laws. He contends that his subsequent conviction and sentence were therefore in violation of his Constitutional rights.

The United States Supreme Court held in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), that a § 1983 claim for damages for an allegedly unconstitutional conviction is not cognizable unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus." Plaintiff's conviction is final. Plaintiff's claim that his arrest violated a federal treaty as well as extradition laws must be dismissed under Heck v. Humphrey. Summary dismissal is appropriate in this case.

>Article I, paragraph 3, of the Fort Laramie Treaty provides in relevant part:
>>If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . .

Plaintiff's claim based on the Fort Laramie Treaty has been rejected by the Eighth Circuit in several cases. See United States v. Kane, 537 F.2d 310, 311 (8th Cir. 1976) (rejecting the claim that the 1868 Treaty extradition request provision survived the Major Crimes Act) and United States v. Drapeau, 414 F.3d 869, 878 (8th Cir. 2005) (recognizing abrogation of any prior treaty notice requirement). Accord, United States v. Jacobs, 638 F.3d 567, 568-569 (8th Cir. 2011). The Drapeaux opinion rejecting the 1868 Treaty extradition claim has been followed in several unpublished opinions. See LeBeaux v. United States, 165 Fed. Appx. 496 (8th Cir. 2006), United States v. Ghost Bear, 387 Fed. Appx. 659 (8th Cir. 2010), United States v. Mountain, 402 Fed. Appx. 154 (8th Cir. 2010), and United States v. Schrader, 411 Fed. Appx. 946 (8th Cir. 2011).

>Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because this action is frivolous.

>Now, therefore,

>IT IS ORDERED:

>1. This matter is dismissed with prejudice.

>2. The disposition of this matter is a first "strike" under 28 U.S.C. § 1915(g).

>5. Pursuant to 28 U.S.C. § 1915 and Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

(a) The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.

(b) By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.

(c) Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.

(d) Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Dated this 31st day of August, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

3